NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN CLASSICS OF LAKEWOOD, L.L.C., et al.,<br><br>                   Plaintiffs,<br><br>   v.<br><br>DANIEL BUCHANAN, et al.,<br><br>                   Defendants. | Civil Action No. 22-05382 (GC) (RLS)<br><br>**MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

      This matter comes before the Court upon Plaintiffs American Classics of Lakewood, L.L.C., American Classics of Lakewood IV, L.L.C. (together, the "AC Companies"), and John Patel's motion for sanctions for Defendant Daniel Buchanan's failure to comply with a court order. (ECF No. 22.) Buchanan opposed, and Plaintiffs replied. (ECF Nos. 26, 30.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiffs' motion is **DENIED**.

I.  **BACKGROUND**

The premise of this action is that Defendants continue to wrongfully deny applications submitted to the New Jersey Motor Vehicles Commission (NJMVC) for motor vehicle dealer licenses related to Plaintiffs' properties. (*See generally* ECF No. 1.)[1]

After Plaintiffs filed suit, the parties entered a stipulation, which the Court so ordered on January 4, 2023, prohibiting Buchanan and Lefkowich from involvement with "any application or New Jersey Motor Vehicle Commission-related matter involving Plaintiffs or any properties owned by Plaintiffs for the pendency of the litigation." (ECF No. 10 ¶ 1.)

Plaintiffs now move for sanctions, arguing that Buchanan violated the parties' so-ordered stipulation that he would not work on applications related to Plaintiffs' properties. In support, Plaintiffs submit the affidavit of Patel, who owns American Classics of Lakewood IV, LLC. (Patel Aff., ECF No. 22-2.) Patel states that from January to about June 2023, NJMVC approved 51 of Plaintiffs' tenants' applications without issue. (*Id.* ¶ 5.) But from June through October 3, 2023, the date of Patel's affidavit, 19 of Plaintiffs' tenants' applications were denied or still pending, according to tenants who advised Patel of such. (*Id.* ¶ 6.) Patel states that "a significant portion" of the 19 tenant-applicants told him that when they inquired about the delay, an NJMVC employee advised that "Buchanan has their applications on his desk and are still pending." (*Id.* ¶¶ 7, 14-15.) Patel provides two examples of situations where tenants have not received licenses despite being approved for them months ago. (*Id.* ¶¶ 8-11, 14-15.) Based on Patel's "extensive and long-standing experience in this line of business," he says, "a license is normally issued within three to

---

[1] For a full recitation of the factual and procedural background, see the Court's previous opinion at ECF No. 20, where the Court dismissed four of Plaintiffs' five initial claims, leaving only a claim for First Amendment retaliation (Count II) against Buchanan and Defendant Theodore Lefkowich.

four weeks following the initial approval." (*Id.* ¶ 11 (cleaned up).) Patel does not provide examples of applications that were denied.

## II. LEGAL STANDARD

To prove civil contempt, a movant must demonstrate by clear and convincing evidence that "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *John T. ex rel. Paul T. v. Delaware Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)). "[A]mbiguities must be resolved in favor of the party charged with contempt.'" *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (quoting *John T.*, 318 F.3d at 552). "Although courts should hesitate to adjudge a defendant in contempt when 'there is ground to doubt the wrongfulness of the conduct,' an alleged contemnor's behavior need not be willful in order to contravene the applicable decree." *Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (quoting *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994); citing *John T.*, 318 F.3d at 552; *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148 (3d Cir. 1994)).

## III. DISCUSSION

Buchanan contests that he violated the so-ordered stipulation. He first argues that Patel's affidavit, the only evidence Plaintiffs offer for their motion, cannot satisfy the above-noted clear-and-convincing standard, because the affidavit includes "impermissible hearsay statements rather than . . . statements that are within the personal knowledge of the affiant." (ECF No. 26 at 2.[2]) *See* L. Civ. R. 7.2(a). Buchanan also certifies that he has "not involved [him]self in any capacity with any applications submitted by motor vehicle dealer applicants affiliated with Plaintiffs or any

---

[2] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

3

properties owned by Plaintiffs," including the two examples that Patel cites. (Buchanan Cert. ¶¶ 4-7, ECF No. 26-1.) In fact, Buchanan adds, he "do[es] not perform any work of any sort on any motor vehicle dealer applicants located in Lakewood, New Jersey, even if they are unaffiliated with Plaintiffs or Plaintiffs' owned properties." (*Id.* ¶ 8.)

Buchanan says that since the so-ordered stipulation, Michael Rutherford, a supervisor in the business licensing services bureau of NJMVC, has handled applications related to Plaintiffs or their properties, including Patel's two examples. (Rutherford Cert. ¶¶ 4-13, ECF No. 26-2.) In his certification, Rutherford explains the reasons for delay in one of Patel's examples, pointing to NJMVC's need for updated documents from the applicant and a follow-up site investigation, as well as the applicant's request to change its proposed place of business on its pending application, which requires an updated application. (*Id.* ¶¶ 10-13.) As to the NJMVC employee who advised that Buchanan would review the applications, Rutherford proposes that the employee likely overlooked that the applications related to Plaintiffs' properties and mistakenly assumed that Buchanan would provide the final review as he does for all other motor vehicle dealer applications. (*Id.* ¶ 14.)

In reply, Plaintiffs submit the certification of Donald S. Dinsmore, Esq., who represents 1220 Organization Inc., another one of Patel's entities that applied for a motor vehicle dealer license. (Dinsmore Cert., ECF No. 30-1.) Dinsmore certifies that on December 7, 2022, when he called a compliance officer at NJMVC about 1220 Organization's application, Buchanan answered the phone, stated that the compliance officer would get back to him, and hung up. (*Id.* ¶¶ 9-10.) Plaintiffs argue that Dinsmore's experience "demonstrates that Defendant Buchanan was clearly involved in some capacity with an application filed on behalf of one of the properties owned by Plaintiffs." (ECF No. 30 at 2.)

4

Having carefully considered the parties' submissions, the Court finds that Plaintiffs' sanctions motion is unfounded in law and fact. In support of Plaintiffs' claim that Buchanan is delaying their tenants' applications, Plaintiffs point to the drop off in license approvals between January and October 2023. Although Plaintiffs claim that since June 2023, 19 applications were denied or pending "for over three months," Plaintiffs cite only two examples of such applications. And both applications are pending; neither application was denied. (Patel Aff. ¶¶ 7-8 (cleaned up).) For one of those applications, Rutherford provided legitimate, unremarkable reasons for the delay. Some reasons include outstanding obligations on the applicant's end, such as the need to submit an updated application for a new proposed place of business. (Rutherford Cert. ¶¶ 12-13.) Plaintiffs do not contest or address those reasons in reply. Nor do Plaintiffs provide examples of applications being denied.

Based on this record, the applicant may have contributed to the delay—not Buchanan. It also appears that Plaintiffs could have discovered the applicant's part in the delay before they moved for sanctions. Indeed, Patel implies that he regularly communicates with the applicants during the application process. And Plaintiffs do not contest Rutherford's certification that on October 2, 2023, days before Plaintiffs moved for sanctions, Rutherford notified the applicant about the missing information needed to complete the application. (*Id.* ¶ 12.) Or that on October 11, 2023, shortly after Plaintiffs moved, the applicant notified NJMVC that it wished to change its proposed place of business on its pending application and was then directed to submit an updated application. (*Id.* ¶ 13.) If reason exists to discredit Rutherford's explanation, it was incumbent upon Plaintiffs to say so in reply. *See Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 666 ("[F]ailure to respond to the pertinent . . . argument acts as a concession of that argument." (citing

*Griswold v. Coventry First LLC*, 762 F.3d 264, 274 n.8 (3d Cir. 2014); *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997))).

Plaintiffs' response to Buchanan's and Rutherford's certifications is also unconvincing. Plaintiffs rely on an attorney's certification recounting a time when Buchanan answered the attorney's phone call to the NJMVC and told the attorney that another employee would get back to him. (Dinsmore Cert. ¶¶ 9-10.) Buchanan's statement that another employee would handle this inquiry is hardly evidence that he was involved with the application. More importantly, this conversation happened on December 7, 2022, before the stipulation was formed between the parties (December 21, 2022), let alone so ordered by the Court (January 4, 2023). An event that predates the so-ordered stipulation, of course, cannot evince a violation of that stipulation. Yet that one event is Plaintiffs' entire basis for asserting that "Buchanan was clearly involved in some capacity with an application filed on behalf of one of the properties owned by Plaintiffs." (ECF No. 30 at 2.)[3] Plaintiffs' evidence falls well below the clear-and-convincing standard to impose sanctions.

Therefore, the Court will not impose sanctions on Buchanan.

---

[3] (*See* ECF No. 30 at 2-3 ("Based upon Paragraphs 9 and 10 of the Dinsmore Cert. . . . , it is respectfully submitted that not only is Paragraph 4 of the Buchanan Certification," which denies involvement with the subject applications, "sufficiently refuted, but more importantly, the Dinsmore Cert. demonstrates by clear and convincing evidence that Defendant Buchanan failed to comply with the So-Ordered Stipulation").)

IV. **CONCLUSION & ORDER**

For the reasons set forth above, and other good cause shown,

**IT IS** on this 27th day of June 2024 **ORDERED** as follows:

1. Plaintiffs' motion for sanctions (ECF No. 22) is **DENIED**.

2. The Clerk's Office is directed to **TERMINATE** Plaintiffs' motion (ECF No. 22).

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE